**THIS IS A CAPITAL CASE**

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STACEY EUGENE JOHNSON                                                                                    PETITIONER

v.                                   Case No. 5:06CV00185 JLH

RAY HOBBS, in his official capacity as Acting[1]
Director of the Arkansas Department of Correction                                                        RESPONDENT

## ORDER

Pending before the Court is Stacey Eugene Johnson's motion for leave to unseal records for use in clemency proceedings. Document #39. This Court and the Eighth Circuit Court of Appeals have sealed psychological records of the then-child witness in this case. After careful consideration, and for the reasons that follow, the Court concludes that the motion for leave to unseal records should be denied.

### I.

The state courts sealed the second psychotherapist's records, but permitted Johnson to have access to the sealed records for the purpose of preparing an appeal of his conviction and sentence. *Johnson v. State*, 335 Ark. 333, 982 S.W.2d 669 (1998). To protect the child witness's privacy, the Supreme Court of Arkansas required the records to be sealed immediately after review by the parties and the subsequent abstracts and briefs be submitted under seal. *Id.*

In his habeas petition before this Court, Johnson argued that his constitutional right to compulsory process, his right to confront witnesses against him, and his right to due process of law

---

[1] Johnson named as the defendant Larry Norris, Director of the Arkansas Department of Correction, in his official capacity. Norris has since resigned, and Hobbs has been appointed as Interim Director. The Clerk is directed to correct the docket accordingly. *See* Fed. R. Civ. P. 25(d).

under the Sixth and Fourteenth Amendments have been violated.  He specifically contended that the state violated the above rights by denying him access to the second psychotherapist's records of the then-child witness.[2]  During habeas review, this Court sealed the documents related to the psychotherapist records in question.  Documents #11, #13, #14, #28.  This Court denied the entire petition, and the Eighth Circuit Court of Appeals affirmed.  Document #20; *Johnson v. Norris*, 537 F.3d 840 (8th Cir. 2008), *cert. denied*, __ U.S. __, 129 S. Ct. 1334, 173 L. Ed. 2d 605 (2009).

## II.

Johnson has not shown that the psychotherapist-patient privilege has been waived in regards to the second psychotherapist.  Additionally, Johnson has failed to show that there has been any change in the posture of the psychotherapist-patient privilege or the privacy interest of the then-child witness to warrant unsealing the psychotherapist records.

## CONCLUSION

For the reasons stated, Johnson's motion for leave to unseal psychotherapist records is DENIED.  Document #39.

IT IS SO ORDERED this 19th day of March, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] The then-child witness had been seen by two psychotherapists.  The psychotherapist-patient privilege was waived in regards to the first psychotherapist.  After the first psychotherapist testified in state court, the child witness was found incompetent to testify.  During Johnson's retrial, the child witness was found competent to testify.  Prior to the second trial, the child had been seeing a second psychotherapist.  The psychotherapist-patient privilege was not waived in regards to the second psychotherapist and the state court denied access to the records of that psychotherapist.